UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES,

v.  Case No. 2:20-cr-00114-JLB-MRM

CASEY DAVID CROWTHER
_____/

## ORDER

A grand jury returned a seven-count superseding indictment charging Defendant Casey David Crowther with two counts of bank fraud, two counts of making false statements to FDIC-insured lending institutions, and three counts of making illegal monetary transactions connected to his alleged fraud.  (Doc. 32.)

Mr. Crowther is a business owner who applied for—and received—a federally guaranteed loan under the Paycheck Protection Program ("PPP") of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).  The superseding indictment alleges that Mr. Crowder fraudulently obtained this loan and used it in ways not authorized by the CARES Act (most conspicuously, buying a forty-foot catamaran boat).  Viewing the superseding indictment's allegations in the light most favorable to the Government, the Court denies Mr. Crowther's motion to dismiss and for a bill of particulars.  (Doc. 41.)

### LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1). "Under [Rule 12(b)] an indictment may be dismissed where there is an infirmity of

law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987); see also United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam) ("The sufficiency of a criminal indictment is determined from its face."). A sufficient indictment: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998). The factual allegations in an indictment are "viewed in the light most favorable to the government." Torkington, 812 F.2d at 1354.

## DISCUSSION

**I.  Legal Background of the CARES Act and the PPP.**

To understand the nature of Mr. Crowther's motion, it helps to outline the statutory framework underlying the CARES Act and the PPP. Congress created the Small Business Administration ("SBA") through the Small Business Act of 1953, Pub. L. No. 83-163, 67 Stat. 232 (1953) (codified as amended at 15 U.S.C. §§ 631–57). The statute's purpose was to "aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns in order to preserve free competitive enterprise." 15 U.S.C. § 631(a). To fulfill this lofty goal, Congress gave the SBA "broad powers . . . including that of lending money to small businesses whenever they could not get necessary loans on reasonable terms from private lenders." SBA v. McClellan, 364 U.S. 446, 447 (1960).

The SBA's primary tool for lending money is the "7(a) loan"—named after section 7(a) of a 1958 amendment to the 1953 statute. Pub. L. 85-563, § 7, 72 Stat. 384 (1958) (codified at 15 U.S.C. § 636). As relevant here, one form that a 7(a) loan might take is "[a] guaranteed loan . . . by which [the] SBA guarantees a portion of a loan made by a [participating] Lender." 13 C.F.R. § 120.2(a).

On March 27, 2020, in response to the COVID-19 pandemic, Congress passed the CARES Act, which created the PPP within the existing statutory framework for 7(a) loans. § 1102, 134 Stat. at 286–94 (codified at 15 U.S.C. § 636(a)(36)).

The PPP is "a multi-billion-dollar loan guarantee program." All Sorts of Servs. of Am., Inc. v. SBA, No. 8:20-cv-1688-TPB, 2020 WL 6270915, at *1 (M.D. Fla. July 31, 2020) (citation omitted). To obtain a PPP loan, borrowers must apply to participating private lenders and make several good-faith certifications, including that the loan funds "will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments." 15 U.S.C. § 636(a)(36)(G)(i). Upon approval, the private lender executes a promissory note with the borrower and disburses the funds. In other words, it is the lender that processes the PPP loan application and, if approved, the lender disburses the funds, not the SBA. Interim Rule on PPP Requirements for Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23,450, 23,451 (Apr. 28, 2020). Up to one hundred percent of a PPP loan is forgivable if the borrower satisfies certain conditions. 15 U.S.C.§ 9005(b). As an incentive for lenders to participate, the SBA fully guarantees the loan. 15 U.S.C. § 636(a)(2)(F).

The CARES Act also provides the SBA with authority to issue regulations without going through the notice-and-comment process.  15 U.S.C. § 9012.  To help manage the PPP in the face of an evolving pandemic, the SBA has frequently exercised this unusual authority.  See In re Parking Mgmt., Inc., 620 B.R. 544, 560 n.8 (Bankr. D. Md. 2020) ("The complexity of the PPP lies within the many interim rules adopted to implement the CARES Act . . . .").  The first PPP rule promulgated by the SBA provides, "If you knowingly use [PPP] funds for unauthorized purposes, you will be subject to additional liability such as charges for fraud."  Interim Rule on Implementation of PPP Program, 85 Fed. Reg. 20,811, 20,814 (Apr. 15, 2020).  That said, the CARES Act includes no penalties for misuse of PPP funds beyond ineligibility for loan forgiveness.  Id. ("If you use PPP funds for unauthorized purposes, SBA will direct you to repay those amounts.").

Finally, PPP loan forgiveness depends on the borrower spending the loan funds within a designated period.  That period was originally eight weeks from the origination of the loan, but Congress later extended it to the earlier of twenty-four weeks after origination or December 31, 2020.  Paycheck Protection Program Flexibility Act of 2020, Pub. L. No 116-142, § 3, 134 Stat 641, 641 (2020).

## II. The Superseding Indictment Need Not Allege an Underlying Violation of the CARES Act.

To begin with, Mr. Crowther argues that all seven counts of the superseding indictment must be dismissed because using PPP funds for purposes unauthorized by the CARES Act is not a crime—it simply means that the borrower is ineligible for loan forgiveness.  (Doc. 41 at 11–14.)  For support, Mr. Crowther points to a

4

phrase in the CARES Act that lists allowable uses of PPP loans "in addition to the allowable uses of a loan made under this subsection"—that is, in addition to other allowable uses under section 7(a). 15 U.S.C. § 636(a)(36)(F). The existence of other "allowable uses," according to Mr. Crowther, means that the superseding indictment fails to charge a criminal offense. (Doc. 41 at 13.) Mr. Crowther also notes that he was arrested before the covered period for spending the PPP funds expired and therefore was not given a chance to spend the full amount of his PPP loan in a manner consistent with the CARES Act. (Doc. 41 at 12.)

In a narrow sense, Mr. Crowther is correct—the CARES Act does not create a new crime for misusing PPP funds. But as the Government points out, Mr. Crowther is not accused of violating the CARES Act. The superseding indictment charges him with multiple counts of bank fraud, making false statements to lending institutions, and conducting illegal monetary transactions. 18 U.S.C. §§ 1014, 1344, 1957. None of these offenses depend on an underlying violation of the CARES Act. Indeed, the SBA's interim regulations acknowledge that PPP fraud may create criminal liability under other statutes. Interim Rule on Implementation of PPP Program, 85 Fed. Reg. at 20,814.

The superseding indictment provides that Mr. Crowther lied to his PPP Lender about how he planned to use his loan funds, which the Lender would have never disbursed if it knew that Mr. Crowther would spend the money for his own personal use. (Doc. 32 at 5–7.) In a similar vein, the superseding indictment provides that Mr. Crowther used the PPP funds to misrepresent the extent of his

assets to a Mortgage Lender, which relied on his misrepresentations to give him a mortgage loan. (Id. at 9–14). These two misrepresentations and their attendant transactions are the core of the superseding indictment. Stated differently, Mr. Crowther's alleged crime is not that he misspent the PPP funds, but that he purportedly lied to both his PPP Lender and his Mortgage Lender.

These activities may or may not be illegal under the CARES Act, but many activities are not per se illegal unless performed in the context of fraud. Cf. United States v. Willis, 997 F.2d 407, 410 n.2 (8th Cir. 1993) ("Nominee loans are not illegal per se. They are illegal, however, when the borrower and the bank officer fail to state the real borrower and recipient of the funds, thereby obtaining the loans by means of false pretenses."); see also Rodgers v. United States, 767 F. App'x 823, 825–26 (11th Cir. 2019) ("We cannot say 'no competent counsel' would have advanced the technically correct argument that Rodgers's involvement with straw buyers . . . without more, was not a federal crime," but "[t]he government detected defense counsel's strategy and clarified during its closing argument that the buyers' representations about purchasing property that 'in reality they are buying . . . for somebody else' is illegal because 'the bank wouldn't have approved . . . if they knew that that individual was a straw buyer.'" (citation omitted)).

The statutory language Mr. Crowther cites about other "allowable uses of a loan made under this subsection" is unconvincing. 15 U.S.C. § 636(a)(36)(F). This language refers to other allowable uses under 7(a) loan programs beyond the PPP. Nothing in the superseding indictment suggests that Mr. Crowther received loan

6

proceeds under a different 7(a) loan program, let alone that his expenditures would have been proper under that program. Of course, Mr. Crowther is free to develop such an argument during trial if he wishes. The same is true of Mr. Crowther's argument that he would have spent the equivalent of his PPP loan in ways authorized by the CARES Act if he were not arrested before the covered period had expired. Critzer, 951 F.2d at 307; Torkington, 812 F.2d at 1354.

Accordingly, the Court rejects Mr. Crowther's argument.

### III. The SBA is Not the "Financial Institution" at Issue for Purposes of Count One (Bank Fraud).

Mr. Crowther next contends that Count One of the superseding indictment (bank fraud) must be dismissed because it can be committed only on a "financial institution," which the SBA is not. (Doc. 41 at 14–16); 18 U.S.C. §§ 20, 1344.

Viewing the superseding indictment's factual allegations in the light most favorable to the Government, the SBA is not the "financial institution" that Mr. Crowther is accused of defrauding. Instead, the superseding indictment provides that "the SBA enabled and provided for loans through banks, credit unions, and other lenders." (Doc. 32 at 2) (emphasis added). In turn, Mr. Crowther allegedly executed a fraudulent scheme "by submitting a false PPP loan application . . . in order to receive a loan from the Lender, a bank insured by the FDIC, which was guaranteed by the SBA." (Id. at 7) (emphasis added). Clearly, the relevant institution is the PPP Lender that approved and disbursed the loan. See 15 U.S.C. § 636(a)(36)(F)(ii) ("[A] lender approved to make loans under this subsection shall be deemed to have been delegated authority by the Administrator to make and

approve covered loans . . . . "); see also Interim Rule on SBA Loan Review Procedures, 85 Fed. Reg. 33,010, 33,011 (June 1, 2020) (explaining that the SBA may review individual loan applications when appropriate, but "[t]he intent of the [CARES Act] is that SBA provide relief to America's small businesses expeditiously, which is expressed in the Act by giving all lenders delegated authority and streamlining the requirements of the regular 7(a) loan program").

To be clear, Mr. Crowther's argument is not frivolous. Certain allegations in the superseding indictment, if read in isolation, might lead one to conclude that the SBA is the institution that Mr. Crowther allegedly defrauded. For example, paragraph 11(e) of Count One provides that it was part of Mr. Crowther's alleged scheme to "cause the SBA to approve the PPP application." (Doc. 32 at 6.) But after reading the entire superseding indictment (and in the light most favorable to the Government), it is clear to the Court that the "financial institution" at issue is the PPP Lender. Accordingly, the Court must reject Mr. Crowther's argument.

## IV. Mr. Crowther's Intent is a Factual Issue to be Resolved at Trial.

Moving forward, Mr. Crowther suggests that Count One (bank fraud) and Count Two (making a false statement to a lending institution) must be dismissed because the superseding indictment does not allege the requisite intent and therefore fails to state either offense. (Doc. 41 at 16–21.) He reiterates that the Government prematurely arrested him before the covered period for spending PPP funds expired and, as a result, cannot prove that he "knowingly" committed either crime. In other words, Mr. Crowther's representations to the PPP Lender were not

false because he intended to spend (or did spend) the PPP funds in permissible ways before the statutory deadline.

Intent is normally a question of fact to be resolved at trial. See Morissette v. United States, 342 U.S. 246, 274 (1952) ("Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury."). Mr. Crowther claims both that the superseding indictment does not adequately allege intent and that the Government cannot ultimately prove it. But the substance of his argument and the cases he cites focus entirely on the latter point—the Government will be unable to prove intent at trial because Mr. Crowther was prematurely arrested.

This is not a reason to dismiss the superseding indictment, which adequately alleges that Mr. Crowther knowingly defrauded and made false statements to lending institutions. (Doc. 32 at 6–7); United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983) (explaining that an indictment is sufficiently specific if it "tracks the wording of the statute, as long as the language sets forth the essential elements of the crime"); see also United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002) ("We have long held that the term 'knowingly' means that the act was performed voluntarily and intentionally, and not because of a mistake or accident.").

Therefore, the Court rejects Mr. Crowther's argument.

**V.    Mr. Crowther's Residual Arguments for Dismissing the Superseding Indictment Also Fail.**

Finally, Mr. Crowther alleges that the Counts Three and Four of the superseding indictment (money laundering) must be dismissed because, based on

9

his prior arguments: (1) there is no specified unlawful activity as a basis for either charge, and (2) any unauthorized expenses would simply revert to being a regular loan without the possibility of forgiveness. (Doc. 41 at 21.) Because the Court has already rejected Mr. Crowther's previous arguments, it also rejects this one.

Assuming a specified unlawful activity can be established, Mr. Crowther also argues that Count Three still fails to state an offense because one of the alleged laundering payments was an allowable expense under what he calls a "Stock Redemption Stock Agreement." (Id.) This Agreement obviously lies beyond the four corners of the superseding indictment. If Mr. Crowther wishes to set forth facts to establish that his expenses were authorized, he may do so at trial.

## V. There is No Need for a Bill of Particulars.

In the alternative, Mr. Crowther moves for a bill of particulars. (Doc. 41 at 21–22.) A bill of particulars is meant "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985). "[A] defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." United States v. Davis, 854 F.3d 1276, 1293 (11th Cir. 2017) (citing United States v. Martell, 906 F.2d 555, 558 (11th Cir. 1990)).

Mr. Crowther requests a bill of particulars because he wants to know "what federal regulation [under the CARES Act] the Government is accusing [him] of violating." (Doc. 41 at 22.) As already explained, Mr. Crowther's charges do not

10

require an underlying violation for the CARES Act. He also repeats his claims that he intended to spend the full amount of the PPP loan in ways allowed by the CARES Act. Once again, this is an evidentiary challenge to intent best resolved at trial. Accordingly, Mr. Crowther's request for a bill of particulars is denied.

## CONCLUSION

For the above reasons, Mr. Crowther's motion to dismiss the superseding indictment or, in the alternative, motion for bill of particulars (Doc. 41) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on January 6, 2021.

*/s/ John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE