FUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                            CASE NO: 2:20-cr-114-JES-MRM

CASEY DAVID CROWTHER

**OPINION AND ORDER**

This matter comes before the Court on defendant Casey David Crowther's Renewed Motion for Judgment of Acquittal or Alternatively for a New Trial (Doc. #140) filed on April 9, 2021. The government filed a Response in Opposition (Doc. #146) on April 23, 2021. For the reasons set forth below, the motion is denied.

**I.**

Defendant seeks a post-verdict judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. In considering a motion for entry of a judgment of acquittal, the Court

> must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (citation omitted). A jury's verdict may not be overturned "if

any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." United States v. Estepa, 998 F.3d 898, 2021 WL 2098930, *7 (11th Cir. 2021) (quoting United States v. Capers, 708 F.3d 1286, 1297 (11th Cir. 2013)).

Following a jury trial, defendant was convicted of one count of bank fraud in violation of 18 U.S.C. § 1344, one count of making a false statement to a lending institution in violation of 18 U.S.C. § 1014, and two counts of conducting illegal monetary transactions in violation of 18 U.S.C. § 1957. The charges relate to defendant's applying for and receiving a federally guaranteed bank loan under the Paycheck Protection Program (PPP) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), and his subsequent wire transfers for non-business expenditures.

Defendant now raises several arguments as to why a judgment of acquittal should be granted (Doc. #140, pp. 1-2), the majority of which involve the CARES Act. Defendant argues for acquittal on all four counts because (1) he and his company complied with the requirements of the CARES Act, (2) the CARES Act and the related interpreting rules are ambiguous, and therefore the rule of lenity applies, and (3) the ambiguity means defendant could not knowingly engage in criminal conduct. (Doc. #140, pp. 14-21, 27-28.) Similarly, defendant argues that the bank fraud and false

statement convictions should be overturned because the ambiguous and confusing nature of the CARES Act and related requirements dictate that the government cannot prove the falsity of defendant's representations.  (Id. p. 21-24.)

None of these arguments are persuasive.  Defendant was not charged with violating the CARES Act.  The four offenses relate to defendant's misrepresentations to secure a loan, and then the use of the loan proceeds for various monetary transactions.  While the CARES Act and PPP were obviously relevant to the facts of the case, defendant's reliance on them for acquittal is misplaced.

Defendant also argues criminal liability is precluded by the Eleventh Circuit's decision in United States v. Takhalov, 827 F.3d 1307 (11th Cir. 2016).  (Doc. #140, pp. 24-26.)  In Takhalov, the Eleventh Circuit held that "[a] jury cannot convict a defendant of wire fraud . . . based on 'misrepresentations amounting only to a deceit.'"  Id. at 1314 (quoting United States v. Shellef, 507 F.3d 82, 108 (2d Cir. 2007)).  The bank fraud pattern jury instruction incorporates this principle and includes the following instruction:

> To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

Eleventh Circuit Pattern Jury Instruction O52.

Defendant argues that Takhalov precludes liability in this case because (1) he gave the bank exactly what it bargained for, i.e., a promissory note on a performing loan for which the first payment has not yet come due, and (2) the bank does not consider itself a victim. (Doc. #140, p. 25.) According to defendant, his "actions can only be characterized as merely deceitful but not fraudulent." (Id. pp. 25-26.) The Court disagrees.

Takhalov makes clear that a defendant does not intend to defraud a victim unless he intends to harm the victim, which the court defines as "to obtain, by deceptive means, something to which [the defendant] is not entitled." Takhalov, 827 F.3d at 1313 (quoting United States v. Bradley, 644 F.3d 1213, 1240 (11th Cir. 2011)). As the government argues in response (Doc. #146, pp. 17-18), evidence was presented at trial that defendant used false and fraudulent representations to obtain a low interest loan from the bank he otherwise would not have been able to obtain, that defendant used the loan for personal expenditures, and that defendant attempted to hide his actions. Thus, there was sufficient evidence from which a jury could find defendant acted with intent to defraud. See Bradley, 644 F.3d at 1239 ("A jury may infer an intent to defraud from the defendant's conduct."); see also Estepa, 998 F.3d 898, 2021 WL 2098930, *10-11 (finding jury could conclude defendants had requisite intent to defraud where, viewing the evidence in the light most favorable to the

government, the defendants "engaged in a pervasive pattern of deceit before, during, and after" their misrepresentations). The fact that the bank may not consider itself a victim or has not suffered a financial loss is not dispositive. See Estepa, 998 F.3d 898, 2021 WL 2098930, *9; United States v. Maxwell, 579 F.3d 1282, 1302 (11th Cir. 2009).

Finally, defendant argues the evidence was insufficient to prove a prima facie case for the two illegal monetary transaction counts (Doc. #140, pp. 26-27), which in this case required proof beyond a reasonable doubt of the following five elements:

> (1) the defendant knowingly engaged or attempted to engage in a monetary transaction;
>
> (2) the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;
>
> (3) the property had a value or more than $10,000;
>
> (4) the property was in fact proceeds of bank fraud as alleged in the indictment; and
>
> (5) the transaction took place in the United States.

(Doc. #126, p. 17.) Defendant argues there was insufficient evidence of the second and fourth elements because (1) the bank did not rely on the purpose of defendant's wire transfers and (2) there was no legal requirement that defendant's company use the loan proceeds solely for PPP-related purposes. (Doc. #140, pp. 26-27.) The Court disagrees.

Evidence was presented at trial from which a reasonable jury could find defendant engaged in bank fraud when he obtained the loan in question. Defendant instructed the bank to deposit the funds in a separate account, and then requested the bank make wire transfers from that account. Defendant also misrepresented the purposes of the wire transfers to suggest they were business-related expenditures. Accordingly, the jury could reasonably find that the funds used in the wire transfers were the proceeds of bank fraud and that defendant knew it. Thus, there was sufficient evidence to prove the two disputed elements.

Having applied the aforementioned legal principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count. A reasonable jury could have found defendant guilty beyond a reasonable doubt as to the four offenses, and therefore the Court denies defendant's request for judgment of acquittal.

**II.**

As an alternative to judgment of acquittal, defendant argues a new trial should be granted in the interest of justice under Federal Rule of Criminal Procedure 33. (Doc. #140, pp. 14, 28-29.) "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider

the credibility of witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004).

Defendant seeks a new trial due to the following alleged errors: (1) the admission of the government's summary witness' exhibits, and (2) the admission of evidence related to thirty-nine apparently fake employees of defendant's company. (Doc. #140, pp. 28-29.) The Court finds neither ground sufficient to merit relief under Rule 33.

Regarding the summary witness issue, defendant argues the summary exhibits were incomplete, as admitted by the government's witness during cross-examination, and therefore were not accurate. (Id. p. 28.) However, this is a mischaracterization of the testimony. The government witness admitted that she did not include information regarding a specific account in her summary prior to a certain date, but she did not testify that the summary was inaccurate. (Doc. #132, pp. 17-18.) Furthermore, as the government notes in its response (Doc. #146, p. 21), the complete account information was provided separately as an individual exhibit (Doc. #136-116, pp. 1297-1369). Accordingly, the Court rejects defendant's argument for new trial on this basis.

As to the admission of evidence relating to the purportedly fake employees, the Court denied a pretrial motion in limine to exclude the evidence, finding it provided intrinsic evidence relevant to the charges and was not unduly prejudicial. (Doc. #101, p. 3.) While defendant again argues otherwise in his motion, he raises no new argument to convince the Court admission of the evidence was erroneous. The fake employee evidence supported the government's theory that defendant engaged in a scheme to defraud the bank and acted with intent to do so, and therefore was relevant. The Court disagrees that its admission was unduly prejudicial, and therefore denies defendant's argument for new trial.

The undersigned presided over the trial in this case and has reviewed the trial transcripts (Docs. #129-34, 141-44). The Court finds that defendant has not established a basis for a new trial.

Accordingly, it is hereby

**ORDERED:**

Defendant's Renewed Motion for Judgment of Acquittal or Alternatively for a New Trial (Doc. #140) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of June, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record