UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                          CASE NO: 2:20-cr-114-JES-MRM

CASEY DAVID CROWTHER

## ORDER

This matter comes before the Court on the government's Motion for Order of Forfeiture and Preliminary Order of Forfeiture for Direct Assets (Doc. #148) filed on May 27, 2021. Defendant filed a Response (Doc. #149) on June 10, 2021 and the government filed a Reply (Doc. #152) on June 21, 2021.

The government seeks an order of forfeiture in the amount of $2,739,081.21, and a preliminary order of forfeiture for the following assets:

a. a 2020 40' Invincible Catamaran, Hull ID# IVBC0076D920, registered to and owned by defendant; and

b. approximately $630,482.37 received from the sale of the real property located at 3653 San Carlos Drive, Saint James City, Florida 33956, in lieu of the property itself.

(Doc. #148, p. 1.) The government asserts that the property identified above is traceable to the proceeds defendant obtained from the bank fraud schemes, making false statements to lending institutions, and money laundering. (Id. p. 5.) The government

also seeks an order of forfeiture against defendant for $2,739,081.21 pursuant to Rule 32.2(b)(2). (Id. p. 9.) This amount represents the loan and mortgage funds defendant obtained from the offenses charged in Counts One through Six. (Id. p. 9.)

Defendant objects to forfeiture on multiple grounds, arguing: (1) the request incorporates untainted funds that were not derived from criminal proceeds; (2) a money judgment for untainted funds would result in an excessive fine in violation of defendant's Eighth Amendments rights; and (3) there is no statutory authority to support such an order. (Doc. #149, pp. 2-3.) The Court finds none of these arguments convincing.

As to the first two points, the government's request does not incorporate untainted funds. Defendant obtained $2,739,081.21 in loan proceeds as a result of his criminal actions, and therefore $2,739,081.21 is subject to forfeiture. See 18 U.S.C. § 982(a)(2) (providing that in imposing a sentence for violations of bank fraud and false statement to a lending institution offenses, "[t]he court . . . shall order that the person forfeit to the United States any property constituting or derived from, proceeds the person obtained directly or indirectly as the result of such violation"); United States v. Joel, 2012 WL 2499424, *3 (M.D. Fla. June 5, 2012) ("[A] defendant convicted of a financial institution offense is liable for forfeiture of the entire amount of the loan."). Because the requested forfeiture does not incorporate untainted funds,

defendant's excessive fine argument under the Eighth Amendment is moot. Additionally, the Court rejects defendant's statutory authority argument. See United States v. Waked Hatum, 969 F.3d 1156, 1164 (11th Cir. 2020) ("Unless and until Congress, the Supreme Court, or this Court sitting en banc changes the law of forfeiture, we will follow this Court's precedent permitting forfeiture money judgments.").

Having reviewed the arguments of the parties, the Court hereby finds that, based on the facts at trial and the jury's finding of guilt on Counts One (bank fraud scheme), Two (making a false statement to a lending institution), Three and Four (money laundering offenses) of the Second Superseding Indictment, as well as defendant's guilty plea to Counts Five (bank fraud scheme) and Six (making a false statement to a lending institution) of the Second Superseding Indictment, (1) at least $2,739,081.21 in proceeds was obtained and laundered by defendant as a result of the offenses charged in Counts One through Six, and (2) the direct assets identified above constitute or are derived from proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One, Two, Five and Six, and/or is property involved in the money laundering offense charged in Count Four, or is property traceable to such property.

Accordingly, it is hereby

**ORDERED:**

The government's Motion for Order of Forfeiture and Preliminary Order of Forfeiture for Direct Assets (Doc. #148) is **GRANTED**. It is hereby ordered:

1. Pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2)(A), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, defendant shall be held liable for an order of forfeiture in the amount of $2,739,081.21.

2. The United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), forfeiture of any of defendant's property up to the value of $2,739,081.21 because the $2,739,081.21 in proceeds was dissipated by defendant.

3. Pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2)(A), and Rule 32.2(b)(2), the direct assets identified above are hereby forfeited to the United States for disposition according to law.

4. The net proceeds from the forfeiture and sale of any specific assets shall be credited to and reduce the amount the United States shall be entitled to forfeit as substitute assets.

5. This ORDER shall become a final order of forfeiture as to defendant at sentencing.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any

further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the order of forfeiture.

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of June, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record