UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:20-cr-114-JES-MRM

CASEY DAVID CROWTHER

| JUDGE: | John E. Steele | COUNSEL FOR GOVERNMENT | TRENTON REICHLING, MICHAEL LEEMAN, AND SUSAN NEBESKY |
|---|---|---|---|
| DEPUTY CLERK: | Micki Janczewski | COUNSEL FOR DEFENDANT: | NICOLE HUGHES WAID |
| COURT REPORTER | Stacey Raikes | PRETRIAL/PROBATION | Jodi Petersen |
| DATE/TIME | June 29, 2021 10:00 AM | Interpreter | |

**MINUTES ON SENTENCING**

Start time:  10:00 AM        Court convenes.

Present are: AUSA Trent Reichling, AUSA Michael Leeman, and AUSA Susan Nebesky on behalf of the government at plaintiff's table along with Secret Service Agent Brian Kirby; Atty. Nicole Waid on behalf of the defendant, along with defendant, at the defense table. Also present is United States Probation Officer Jodi Petersen.

Court advises on March 22, 2021, the defendant pleaded guilty to Courts Five and Six of the Second Superseding Indictment and was adjudicated guilty; Count Seven was dismissed. On March 26, 2021, a jury found the defendant guilty on Counts One, Two, Three, and Four of the Second Superseding Indictment.

The Defendant confirms he received a copy of the PSR and reviewed same with his counsel. The Court will address objections to the facts and to the application of the sentencing guideline calculations before addressing the pending motion for variance and the sentence to be imposed.

Attorney Waid outlines defense objections to facts contained in the PSR.  The Government responds.  The Court issues ruling on each objection.

Attorney Waid presents argument as to defense objections of the calculation of the guidelines contained in PSR.  AUSA Reichling responds.

10:52 am Defense calls witness, Jessica Hollobaugh; witness sworn.
Direct: 10:52 am - 11:12 am
**Defendant's Exhibits C, C-1, C-2, C-3, C-4, C-5, C-6, C-7, C-8, C-9, D and D-1** provided to witness, defense moves to admit exhibits, no objection from government; exhibits admitted into evidence.
Cross: 11:13 am - 11:22 am
Witness excused 11:22 am

No additional witness by defense at this time.

Atty. Waid presents argument as to intent of use of funds/amount of loss. **Defense Exhibit F (HUD-1 Statement)** provided to court, defense moves to admit exhibit, no objection from government; exhibit admitted.
AUSA Leeman argues 2.1 million dollars of approximate loss, the 16-level enhancement is appropriate in this case. **Government Exhibits 22 and 23** provided to court Gov't moves to admit into evidence, no objection from defense; exhibits admitted into evidence. Atty. Waid replies.

Atty. Waid presents argument as to the two-level enhancement for sophisticated means. AUSA Reichling responds.

Atty. Waid argues as to enhancement for the means of identification used. AUSA Reichling responds and introduces **Government Exhibit 13** for the purpose of sentencing. Government moves to admit Exhibit 13, no objection by Defense; exhibit admitted.

AUSA Leeman presents argument relative to obstruction of justice and moves to admit **Government Exhibits 14 and 21**, no objection by Defense; exhibits admitted. Atty. Waid responds.

Court inquires as to any other factual matter that the court needs to resolve or any other issue with regard to the calculation of the guidelines that need to be discussed.

Atty. Waid objects as to the lack of credit for acceptance of responsibility under the guidelines, argues for Defendant to receive credit for acceptance of responsibility based on Defendant's plea of guilty to mortgage fraud charge.  AUSA Leeman responds, argues no credit for acceptance of responsibility in this case, request to admit **Government Exhibit 29**, no objection; exhibit admitted.

AUSA Reichling requests clarification of defendant's intention as to paragraph 79 (enhancement) of PSR. Atty. Waid responds.

Atty. Waid addresses profit and loss statements provided to probation and the monthly income listed. Government defers to USPO calculations contained in PSR.  Defense believes there is a mathematical error listing the amount in the PSR.  The Court directs counsel to discuss and compare the statement with USPO.

1:04 pm Court in recess for lunch break. Court will reconvene at 2:05 pm

2:08 pm Court back in session.

Updated assets and liability summary report provided.  The parties agree and accept the corrected version of the figures in the PSR.

The Court issues rulings on arguments and objections to PSR as presented by counsel.

The Court reviews the sentencing guideline calculations, and total offense level and and determines guideline sentence range.

Atty. Waid presents argument as to defense motion for variance and moves to admit final defense exhibit (psychiatric report regarding substance abuse) for Court's consideration.

The Defendant reads a statement on the record.  Defense counsel argues for variance, credit for time served with some type of work release conditions.

The government opposes any variance.  AUSA Reichling presents argument as to the imposition sentence, further arguing for an order of restitution, even though the loan is technically not due, restitution is warranted.

Defense counsel requests defendant be placed in a facility close to family in Pensacola, Florida.  No objection by the government.

Nothing further from counsel and defendant.

For the reasons stated on the record, the Court **IMPOSED SENTENCE** as to Counts One, Two, Three, Four, Five, and Six of the Second Superseding Indictment as follows:

**IMPRISONMENT**:
The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 Months**, as to each Count, all such terms to run concurrently with one another.

Court recommends Defendant be incarcerated in a facility close to family (Pensacola, Florida).

**SUPERVISED RELEASE**:
Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 Years**, as to each Count, all such terms to run concurrently with one another.

*Special conditions of supervised release:*
The Defendant shall participate in a substance abuse program.
The Defendant shall participate in a mental health treatment program.
The Defendant shall provide the probation officer access to any requested financial information.
The Defendant shall cooperate in the collection of DNA.
The Defendant must submit to mandatory drug testing.

**RESTITUTION:**
Amount of $2,068,700.00 to be paid.

**FORFEITURE:**
Consistent with the preliminary Order of Forfeiture (Doc. #157). Court to enter final order.

No fine ordered.

**SPECIAL ASSESSMENT** of $600.00 due immediately.

No objections by counsel to the sentence or to the manner in which the sentence was imposed.

Defendant shall surrender to the designated facility on or before July 30, 2021 at 12:00 noon, as directed by the Bureau of Prisons.

Defendant advised of right to appeal.

3:20 PM Court adjourned.