UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:20-cr-114-JES-MRM

CASEY DAVID CROWTHER

**OPINION AND ORDER**

This matter comes before the Court on defendant's Corrected Motion for Release Pending Appeal (Doc. #175) filed on July 14, 2021. The government filed a Response in Opposition (Doc. #176) on July 26, 2021. For the reasons set forth below, the motion is denied.

On September 2, 2020, defendant was released on an unsecured $100,000 bond. (Doc. #9.) Prior to trial, defendant pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of making a false statement to a lending institution in violation of 18 U.S.C. § 1014. (Doc. #117.) After a jury trial, defendant was convicted of another count of bank fraud, another count of making a false statement to a lending institution, and two counts of conducting illegal monetary transactions in violation of 18 U.S.C. § 1957. These charges related to defendant's applying for and receiving a federally guaranteed bank loan under the Paycheck Protection Program (PPP) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-

136, 134 Stat. 281 (2020), and his subsequent wire transfers for non-business expenditures. (Doc. #155, p. 2.) Defendant was sentenced to thirty-seven months imprisonment followed by thirty-six months supervised release. (Doc. #164.) Defendant was continued on release, but ordered to surrender to the designated facility on or before July 30, 2021 at noon. (Id. p. 2.) Defendant now seeks to remain on release while he takes a direct appeal of his conviction and sentence.

The statute governing release or detention pending an appeal by a defendant provides as follows:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time

> already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).

Defendant argues that he is not a flight risk or danger to the community and his appeal will raise a substantial question of law under § 3143(b)(1)(B). (Doc. #175, pp. 3-6.) Specifically, defendant argues his appeal presents a question of first impression: "whether the Government can sufficiently prove legal falsity under the bank fraud and bank false statement statutes when the loan was governed by the Paycheck Protection Program (PPP) of the CARES Act and the governing law was in constant flux, ambiguous or conflicting." (Id. p. 5.) Defendant incorporates by reference the arguments he previously made in his post-trial renewed motion for judgment of acquittal.[1] (Id.)

---

[1] Defendant recognizes that he pled guilty to offenses unrelated to the PPP issue and was sentenced to thirty-seven months imprisonment on all counts, including the non-PPP ones. (Doc. #175, p. 6.) Nonetheless, defendant argues that if his appeal is successful, he would be entitled to resentencing on these offenses and would be eligible for a reduced sentence. (Id. pp. 6-7.) This argument need not be addressed given the Court's conclusion discussed below.

"[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." U.S. v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). Having considered defendant's argument, the Court finds he has not identified a "substantial question of law or fact likely to result in" a reversal, new trial, non-imprisonment sentence, or reduced sentence under § 3143(b). As the Court noted in its Opinion and Order denying the renewed motion for judgment of acquittal, "[d]efendant was not charged with violating the CARES Act." (Doc. #155, p. 3.) The four offenses relating to the PPP involved defendant's misrepresentations to secure a loan, and the use of the loan proceeds for various monetary transactions. Because defendant's arguments relating to the PPP are not likely to result in reversal, a new trial, or a different sentence, the Court finds he has failed to show a substantial question of law under § 3143(b).

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Release Pending Appeal (Doc. #174) is **DENIED as moot.**

2. Defendant's Corrected Motion for Release Pending Appeal (Doc. #175) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of July, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record